**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CHARLES GREEN, ) | |
| ) | CASE NO. 1:06CV01238 |
| Petitioner, ) | |
| ) | JUDGE KATHLEEN O'MALLEY |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| MAGGIE BEIGHTLER, Warden, ) | |
| ) | **REPORT & RECOMMENDATION** |
| Respondent. ) | |

Petitioner, Charles Green ("Green"), challenges the constitutionality of his conviction in the case of *State v. Green*, Lorain County Common Pleas Case No. 02-CR-061051. Green, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on May 18, 2006 with the United States District Court for the Northern District of Ohio. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends Green's petition (Doc. No. 1) be DENIED.

### I. Procedural Background

**A.     Charges and Plea Agreement**

The Lorain County Grand Jury indicted Green on nine counts: one count of possession of

cocaine in violation of Ohio Revised Code ("O.R.C.") § 2925.11(A), a third degree felony; one count of possession of criminal tools in violation of O.R.C. § 2923.24(A), a fifth degree felony; three counts of trafficking in drugs in violation of O.R.C. § 2925.03(A)(1) with major drug offender ("MDO") specifications, first degree felonies; three counts of possession of cocaine in violation of O.R.C. § 2925.11(A) with MDO specifications, a first degree felony; and one count of engaging in a pattern of corrupt activity in violation of O.R.C. § 2923.32. (Doc. No. 10-2, Exh. A.) Subsequently, a supplemental indictment charged Green with an additional count of possession of cocaine in violation of O.R.C. § 2925.11(A), a first degree felony.[1] (Doc. No. 10-2, Exh. B.)

Initially, Green entered a plea of not guilty to all charges contained in the indictment. As part of a plea agreement, Green, represented by counsel, pled guilty with an agreed upon sentence of eight years in prison and forfeiture of $25,000. (Doc. No. 10-2, Exh. C & E.) Judgment Entry of Conviction and Sentence was entered on August 11, 2004. (Doc. No. 10-2, Exhs. D & E.)

**B.     Delayed Appeal**

On January 28, 2005, Green, *pro se*, filed a Motion for Delayed Appeal with the Ninth Appellate District Court of Appeals ("state appellate court"). (Doc. No. 10-2, Exh. F.) On March 24, 2005, the state appellate court found that Green failed to set forth sufficient reasons for his failure to perfect an appeal as of right. (Doc. No. 10-2, Exh. H.) The state appellate court explained as follows:

---

[1] This last count was *nolled prosequi*, as were the MDO specifications attached to the trafficking and possession charges. (Doc. No. 10, Exhs. E & O.)

> Crim R. 32 (B) provides that a trial court must advise a defendant of "the defendant's right, *where applicable*, to appeal or to seek leave to appeal the sentence imposed." (Emphasis added.) R.C. 2953.08(D), however, precludes appellate review of sentences under certain circumstances: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
>
> Ohio courts have uniformly held that a sentence is "authorized by law" for purposes of R.C. 2953.08(D) as long as the prison term imposed does not exceed the statutorily prescribed maximum term for the offense. Where each sentence imposed by the court is within the permissible statutory range for the count on which the defendant is sentenced, an aggregate sentence is "authorized by law" pursuant to R.C. 2953.08(D). (Citations omitted).
>
> In the instant case, appellant's sentence was within the maximum term allowed by statute. Moreover, the documentation submitted by appellee in response to appellant's motion indicates that appellant's sentence was recommended jointly by appellant and the prosecution. Finally, it is beyond dispute that appellant's sentence was imposed by the sentencing judge. Accordingly, R.C. 2953.08(D) precludes this Court from reviewing the sentence imposed upon appellant, and the trial court was, therefore, not required to advise appellant of any right to appeal or to seek leave to appeal his sentence pursuant to Crim. R. 32(B).

(Doc. No. 10-2, Exh. H.)

On May 6, 2005, Green filed an appeal with the Supreme Court of Ohio. (Doc. No. 10-3, Exh. I.) On August 10, 2005, the Supreme Court of Ohio declined to exercise jurisdiction over Green's appeal. (Doc. No. 10-4, Exh. N.)[2]

**C.    Federal Habeas Petition**

On May 18, 2006, Green filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) The asserted grounds for relief are summarized as follows:

---

[2] The Court had ordered Respondent to file Petitioner's "Reconsideration" to the Ohio Supreme Court along with his "Motion to Hold in Abeyance." (Doc. No. 14.) Respondent asserts that no such documents were filed by the Ohio Supreme Court and suggests that the documents may have been returned to Green if the Ohio Supreme Court rejected them. (Doc. No. 15.)

3

> Ground One: Petitioner was denied his right to an appeal when the trial court failed to inform him of his right to appeal and the state appellate court denied his delayed appeal.
>
> Ground Two: Petitioner's sentence violated clearly established federal law as expressed by the United States Supreme Court in *Apprendi v. New Jersey* and *Blakely v. Washington*.

(Doc. No. 1.)

## II. Timeliness and Procedural Default

Respondent concedes that Green's petition "appears to be timely filed" and does not contend that Green's claims are procedurally defaulted. (Doc. No. 10-1 at 6.) Therefore, the Court will proceed to a discussion of the merits of Green's claims

## III. Review on the Merits

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Green filed his habeas petition after the effective date of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts are bound by a state court's determination of a petitioner's claims, unless

4

the decision by the state court involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). In *Williams v. Taylor*, 529 U.S. 362, 411 (2000), the Supreme Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Stated differently, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The Court noted that the term "unreasonable" is "no doubt difficult to define," but did not expound on the word's meaning in this context, instead stating that "it is a common term in the legal world, and, accordingly, federal judges are familiar with its meaning." *Id*. at 410. The Sixth Circuit interprets the *Williams* test to mean if a court "believe[s] that a state court incorrectly applied federal law, [it] must refuse to issue the writ of habeas corpus if [it] finds that the state court's decision was a reasonable one." *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

**A.     Ground One: Right to Appeal**

Green asserts that his constitutional rights were violated because the trial court failed to inform him of his right to appeal and thereby failed to comply with Ohio Crim. R. 32(B). (Doc. No. 1.) Respondent contends that the Constitution does not require a court to inform a defendant who has entered a guilty plea of a right to appeal. (Doc. No. 10-1 at 9.)

Respondent's contention is not altogether accurate. A convicted defendant's constitutional rights are violated "if a convicted defendant is denied an appeal 'by reason of his lack of knowledge of his right [to appeal] and the failure of his counsel or the court to advise him

5

of his right to appeal with the aid of counsel.'" *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001) *quoting Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir. 1970); *accord Morris v. Wolfe*, 2007 U.S. Dist. LEXIS 6627 at **18-19 (S.D. Ohio 2007). Whether the Sixth Circuit's holding in *Jacobs* applies equally to defendants convicted after trial as well as to defendants who have entered a guilty plea need not be decided. The United States Supreme Court has held that a "district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." *Peguero v. United States*, 526 U.S. 23, 24 (1999). As discussed below, Green knew of his right to an appeal and was informed of his rights by the trial court.

Green asserts that the sentencing transcript proves that he was not notified of his right to appeal the imposition of a maximum sentence. (Doc. No. 1 at 10.) A review of the transcript from Green's sentencing hearing supports Green's assertion. (Doc. No. 10-4, Exh. P.) However, Green was informed of his appellate rights during the plea hearing as demonstrated by the following exchange:

> The Court: Do you understand you have the right to appeal a maximum sentence?
>
> Defendant: Yes.
>
> The Court: Do you understand because there will be no trial you have other limited appellate rights?
>
> Defendant: Yes.
>
> The Court: Do you understand any appeal must be filed within 30 days of your sentence?
>
> Defendant: Yes.

Based on the above exchange, it is beyond dispute that Green was informed not only of

his right to an appeal, but also the time requirements associated with filing an appeal. Because the trial court informed Green of his appellate rights and Green affirmatively indicated that he understood, there is no merit to Green's claim that the trial court failed to inform him of his rights and thereby violated his appeal rights.

Green also argues that he was deprived of his right to an appeal when the state appellate court denied his delayed appeal. Respondent again argues that there is no constitutional right to an appeal. (Doc. No. 10-1 at 9.) As a general proposition, a defendant does not have the right to appeal the length of his sentence. *See United States v. Nation*, 352 F.3d 1075, 1076-1077 (6th Cir. 2003) ("[A Defendant] has no constitutional right to appeal his sentence." ); *accord United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005) ("There is no constitutional right to appeal a criminal sentence."), *citing Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 3312 (1983). However, a defendant may appeal his sentence if a state confers such a right or if a state's sentence violates the Constitution. Each will be discussed in turn.

Ohio, by statute, provides criminal defendants with *limited* appeal rights with respect to their sentences. Although a state is *not* constitutionally required to provide a mechanism of appeal for criminal defendants, once a state elects to provide appellate review, it must "do so consistent with the requirements of due process and equal protection." *See Waldron v. Jackson*, 348 F. Supp.2d 877, 889 (N.D. Ohio 2004), *citing Griffin v. U.S.*, 351 U.S. 12, 18, 76 S. Ct. 585 (1956); *Lopez v. Wilson*, 355 F.3d 931, 939 (6th Cir. 2004). Green believes he had the right to appeal his sentence under O.R.C. § 2953.08(A)(1), a section that allows an appeal if a defendant is sentenced to the maximum term allowed for a given offense. (Doc. No. 1.) However, pursuant to O.R.C. § 2953.08(D)(1), "a sentence imposed upon a defendant is not subject to

7

review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

The state appellate court determined that a sentence is "authorized by law" for purposes of O.R.C. 2953.08(D) as long as the prison term imposed does not exceed the statutorily prescribed maximum term for the offense. (Doc. No. 10-2, Exh. H.) The trial court sentenced Green to an aggregate of eight years imprisonment, a sentence that the state appellate court found to be within the maximum term allowed by statute. (Doc. No. 10-2, Exh. H.) In addition the state appellate court found that Green and the prosecution agreed to his sentence and the sentencing judge imposed the agreed upon sentence; and, therefore, the sentence was not subject to appeal under O.R.C. § 2953.08(D)(1). (Doc. No. 10-2, Exh. H.)

This Court finds no due process or equal protection deficiency based upon the state's statute. Furthermore, a federal court may not issue a writ of habeas corpus based on a perceived error of state law unless the error is so egregious as to amount to a denial of fundamental fairness or of other federal rights. *See, e.g., Pulley v. Harris*, 465 U.S. 37, 41 (1984). In this case, the state appellate court's decision appears to be a reasonable and accurate interpretation of state law. This Court finds there was no error of state law, thereby precluding a deprivation of fundamental fairness.[3]

---

[3] Ohio courts have consistently found that O.R.C. § 2953.08(D) precluded appellate review of sentences where the sentence did not exceed the maximum term for an offense, the defense and the prosecution agreed to the sentence, and the sentencing judge imposed the agreed upon sentence. *See, e.g., State v. Simmons*, 2006 Ohio App. LEXIS 5746, 2006-Ohio-5760 ¶4 (Ohio Ct. App. 2006) ("Under R.C. 2953.08(D), an agreed sentence is not subject to appellate review if it is authorized by law [and a] sentence is authorized by law if it is within the statutory range of possible sentences and does not exceed the maximum term authorized for the offense. This statute prevents an appellate court from reviewing any agreed sentence as long as it is within the statutory range, even if [it] implicates *Foster*."); *State v. Wilbur*, 2005 Ohio App.

Thus, Green's claim that his appeal rights were violated lacks merit.

**B.     Ground Two: Sentencing**

Green also argues that his sentence was unconstitutional based on the precedent of *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *State v. Foster*, 845 N.E.2d 470, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470 (Ohio 2006).  (Doc. No. 1.)

In *Apprendi*, the state court judge enhanced a state sentence beyond that prescribed by statute for the underlying offense based upon its judicial finding that the defendant had committed a hate crime.  The Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

In *Blakely*, the Supreme Court extended the holding in *Apprendi* by defining the "statutory maximum" as the maximum sentence that a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  *Blakely*, 542 U.S. at 303.  Although the facts admitted in the defendant's plea supported a maximum sentence of fifty-three months for the offense, the judge imposed a ninety-month sentence after finding that the defendant acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range.  The Supreme Court held that Blakely's sentence violated his Sixth Amendment right to trial by jury because the facts supporting the "deliberate cruelty" finding were neither admitted by him nor found by a jury.  *Id.*

---

LEXIS 5574, 2005-Ohio-6213 (Ohio Ct. App. 2005); *State v. Doak*, 2004 Ohio App. LEXIS 1387, 2004-Ohio-1548, ¶¶76-77 (Ohio Ct. App. 2004).

The Ohio Supreme Court applied *Blakely* to Ohio's sentencing statutes in *State v. Foster*. The Ohio Supreme Court found that portions of the sentencing statutes were unconstitutional. 845 N.E.2d at the syllabus. Specifically, the court in *Foster* found that O.R.C. §§ 2929.14(B) & (C) and 2929.19(B)(2) were unconstitutional because a "judicial factfinding [was required] before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant..." *Id*. The court also found that O.R.C. §§ 2929.14(E)(4) and 2929.41(A) were unconstitutional because a judicial factfinding was required before the imposition of consecutive sentences where such facts were neither found by a jury verdict or admitted by the defendant. *Id*.

Green's reliance upon the decisions in *Blakely*, *Apprendi*, and *Foster* is misplaced as those decisions are wholly inapplicable to the present case. Green entered into both a plea and sentencing agreement, in which he pled guilty to the nine charges in the initial indictment (without the MDO specifications) and agreed to an aggregate sentence of eight years imprisonment and a $25,000 forfeiture. (Doc. No. 10-4, Exhs. O & P.) The sentencing court made no additional factual findings of the kind found unconstitutional by *Foster*. Rather, the sentencing transcript indicates the following:

> The Court finds pursuant to the agreement [between the prosecution and the defense] that [Green] will be sentenced to a period of one year on the possession of cocaine, first count; one year on the possession of criminal tools, on the second count; on the third fourth and fifth, it will be a period of eight years on the trafficking in drugs; on Counts 6, 7, and 8 it will be eight years on the possession of cocaine; on Count 9, it will be eight years on the engaging in a pattern of corrupt activity.
>
> And all of these counts will run concurrent to each other, for a total of eight years.

10

(Doc. No. 1-4, Exh. P.)

As the sentencing judge did not make any additional judicial findings when imposing the sentence, the *Blakely*, *Apprendi*, and *Foster* cases are inapplicable.[4] Therefore, Green's claim that his sentence was unconstitutional is without merit.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Green's petition (Doc. No. 1) be DENIED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: June 29, 2007

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**

---

[4] Even if these cases were implicated, Green would not benefit from the change in Ohio's felony-sentencing structure for two reasons: "(1) the change is applicable only to those cases pending on direct review" at the time the Ohio Supreme Court decided *Foster*; and (2) the changed structure works to Green's detriment, as trial courts are no longer required to make any findings or give any reasons when imposing consecutive sentences or sentences within the statutory range. *See Minor v. Wilson*, 2007 U.S. App. LEXIS 1067 (6th Cir. 2007), *citing Foster*, 845 N.E.2d at 498-99. Green's appeal was not pending at the time the Ohio Supreme Court decided *Foster* in 2006, as Green's final appeal was denied by the Ohio Supreme Court on August 10, 2005.